**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



FILED

MAY - 8 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Edward Thomas Kennedy, )
)
    Plaintiff, )
)
v. )   Civil Action No. 19-1204 (UNA)
)
The United States, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint for a Civil Case Alleging Negligence, which is accompanied by plaintiff' application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Reading, Pennsylvania. He has sued the United States for $50 million. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, waives the United States' immunity for certain torts including negligence. Before proceeding in federal court, however, the complainant must have first presented his claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Under the law of this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Nothing in the complaint suggests that plaintiff has pursued his administrative remedy, much less exhausted it. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 7th, 2019

United States District Judge